### Emily C. Gore et al. v. John Muhlenburg et al.

#### Gen. No. 4,867.

This case is controlled by the decision in Ives v. Muhlenburg, *ante*, p. 517.

Action commenced before justice of the peace. Error to the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1907. Reversed, with finding of facts. Opinion filed August 6, 1907.

BASSETT & MORGAN, for plaintiffs in error.

CONNELL & THOMASON, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a suit brought before a justice of the peace against John Muhlenburg and Minerva Muhlenburg, wherein the plaintiffs were named as "Emily C. Gore and E. Clair Gore, late partners doing business under the name and style of E. C. Gore & Company." The case came to the Circuit Court by appeal and

was there tried without a jury. There is one informality in the record. In the Circuit Court plaintiffs obtained leave to change the firm name of the plaintiffs from E. C. Gore & Company to E. C. Gore & Son. The clerk however continued to treat plaintiff's name as E. C. Gore & Company throughout the record of the proceedings and judgment. The bill of exceptions is in the name of "Emily C. Gore and E. Clair Gore, under the firm name of E. C. Gore & Son." In this court defendants in error, the Muhlenburgs, entitle the cause in their briefs under the firm name of E. C. Gore & Son as plaintiffs in error, and they make no point upon the difference and we therefore also treat it as unimportant. The suit was upon a judgment recovered before a justice of the peace in favor of E. C. Gore & Son and against John and Minerva Muhlenburg for $138.37, on May 15, 1899. There was proof that at the time said former suit was instituted and for a number of years prior thereto Emily C. Gore and E. Clair Gore, her only son, were engaged in conducting a dry goods store in the city of New Boston under the firm name of E. C. Gore & Son. It was claimed at the trial that such judgment was void because it did not give the individual names of the co-partners. The court admitted the judgment in evidence, but afterwards, upon argument, refused seven propositions of law presented by plaintiffs, and thereby held the judgment void because it did not name the individual members of the firm. There was a finding and a judgment for the defendants. This writ of error is brought to review that decision. For the reasons stated and upon the authorities cited in our opinion filed this day in the similar case of Ives v. Muhlenburg, *ante,* p. 517, the judgment must be reversed and a judgment rendered in this court in favor of plaintiffs in error and against defendants in error for the amount now due on said judgment, which is $195 and for costs, with an award of execution.

*Reversed, and judgment here.*

Finding of facts, to be incorporated in the judgment of the court.

We find that defendants in error, defendants below, are indebted to plaintiffs in error, plaintiffs below, in the sum of $195 upon the judgment introduced in evidence in the court below.